UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL JAMES WOOD, SR.

VERSUS                                    CIVIL ACTION

MICHAEL J. ASTRUE,                        NUMBER 12-425-BAJ-SCR
COMMISSIONER OF
SOCIAL SECURITY

## RULING ON SOCIAL SECURITY APPEAL

Plaintiff Paul James Wood, Sr. brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits.

For the reasons which follow the Commissioner's decision is affirmed.

### Background

Plaintiff was 58 years old at the time of the hearing decision. Plaintiff's educational level was limited and his past relevant work consisted of employment running a tire shop and car lot from 1986 to 2006.[1] AR pp. 34-35, 81, 112-13, 121, 124. Plaintiff applied for disability benefits in November 2009 claiming his disability began on June 1, 2007 due to severe impairments, primarily related to his HIV positive diagnosis. AR pp. 105, 119-

---

[1] Plaintiff's age placed him in the category of person of advanced age, and his educational level is classified as limited. 20 C.F.R. § 404.1563(e); 20 C.F.R. § 404.1564 (b)(3).

20. His work and earnings were reviewed, and it was determined that the date the plaintiff was last insured for disability benefits (DLI) was June 30, 2008. Thus, the plaintiff had to establish he was disabled as of June 30, 2008. AR pp. 21, 105, 119-20, 137.

Plaintiff's applications were initially denied and the plaintiff requested a hearing before an administrative law judge ("ALJ"). An ALJ hearing was held on September 13, 2010 and the ALJ issued an unfavorable decision on November 18, 2010. AR pp. 18-58. The ALJ found at the second step that the plaintiff had a combination of severe impairments - HIV positive, hypertension and prior episode of pneumonia - but they did not meet or medically equal the criteria of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite his severe impairments, the plaintiff could do his past relevant work or other work in the national economy. The ALJ found that through the date the plaintiff was last insured for disability benefits, he had the residual functional capacity to perform a full range of medium work as defined in the regulations. With this RFC, at the fourth step the ALJ concluded that the plaintiff was capable of performing his past relevant work as a salesman. In the alternative, the ALJ also made a finding that application of the Medical-Vocational Guidelines directed a finding of "not disabled"

at the fifth step. AR pp. 24-27.

Plaintiff requested review of the ALJ's decision by the Appeals Council, but the Appeals Council denied the request on March 23, 2012. AR pp. 6-8. Plaintiff then filed this petition for judicial review challenging the Commissioner's determination that he is not disabled as of his date last insured.

## Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the

decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 404.1520. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2)

the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations;[2] (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

### Analysis

Plaintiff argued that several errors by the ALJ and Appeals

---

[2] Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525.

Case 3:12-cv-00425-BAJ-SCR   Document 14   09/20/13   Page 5 of 15

Council require reversal and remand under sentence four of § 405(g): (1) meaningful judicial review is precluded because the ALJ and Appeals Council failed to include material evidence in the administrative record; (2) the ALJ failed to properly evaluate the severity of the plaintiff's breathing and mental impairments; (3) the ALJ improperly evaluated the plaintiff's credibility under the relevant Social Security regulations and policies; (4) the ALJ's RFC finding is not supported by substantial evidence, which resulted in an incorrect finding that he is not disabled at step four and step five. Plaintiff did not dispute that with his earnings record he must establish disability as of his DLI - June 30, 2008.

Review of the administrative record as a whole and the analysis below demonstrates that these claims of error are without merit, and that substantial evidence supports the final decision of the Commissioner that the plaintiff was not disabled as of June 30, 2008.

### 1. The ALJ's decision complies with the relevant legal standards for judicial review, evaluating severity of impairments, and assessing claimants' credibility.

Plaintiff's first claim of error relates to medical records which were dated from August and November 2010 and November 2011. AR p. 7. With regard to this evidence, the plaintiff asserted that his representative at the administrative level attempted to submit the 2010 records to the ALJ, but when the ALJ's office was contacted on November 19, 2010, the representative was informed

6

that the ALJ had already rendered his decision. Thereafter, these records and others dated November 2, 2011 were submitted to the Appeals Council in connection with the request for review, yet the official record provided to the court did not include this evidence. According to the plaintiff, the failure to include this material and potentially outcome determinative evidence in the record prevents meaningful judicial review by the court and requires reversal and remand.

The defendant maintained that the administrative record is complete because: (1) other than the representative's correspondence, the record does not reflect than any new evidence was submitted to the ALJ after the October 28, 2010 letter and medical evidence summary were sent to the ALJ;[3] and, (2) the Appeals Council acknowledged receipt of the evidence, but correctly did not consider it after their review established the evidence was dated significantly later than June 30, 2008, and therefore was not material to the determination of whether the plaintiff was disabled.

Plaintiff's argument is unsupported, whereas, the defendant's argument is supported by the record and the regulations. Plaintiff cited and relied on *Hill v. Astrue* and *Brady v. Apfel*, but these cases do not support the plaintiff's claim of error.[4] In *Hill*, the

---

[3] AR pp. 161-72.

[4] *Hill v. Astrue*, 526 F.Supp.2d 1223 (D. Kan. 2007); *Brady v. Apfel*, 41 F.Supp.2d 659 (E.D. Tex. 1999).

7

missing evidence was evidence on which the ALJ relied that the Commissioner failed to include in the record. In *Brady* the court found that the absence of some standard forms that did not contain information material to the ALJ's decision, did not prevent meaningful judicial review. Therefore, their absence from the record did not deprive the claimant of due process.

Neither of these circumstances are present in this case. The evidence here was not considered and did not provide the basis for the findings of the ALJ or the Appeals Council. The Council reviewed the evidence but did not consider it because although it was new, it was dated too far after the plaintiff's DLI to be material to the disability determination.[5] The plaintiff argued that the evidence was material, yet the plaintiff failed to explain how evidence dated several years beyond his DLI could be relevant and material to his condition as of June 30, 2008.[6] Therefore, neither the cases nor the record support the plaintiff's argument that the Appeals Council erred in finding that the new evidence was

---

[5] This is in compliance with the regulations, which essentially state that the Appeals Council considers new and material evidence submitted to it, to the extent it relates to the period of disability that is the subject of the ALJ's decision. In reviewing the ALJ's decision the Council then evaluates the entire record including the new and material evidence. 20 C.F.R. § 404.970. However, if new evidence is provided that is not material, the Appeals Council returns the additional evidence to the claimant with an explanation as to why it did not accept the additional evidence. 20 C.F.R. § 404.976.

[6] The records submitted to the Appeals Council were dated August 11, 2010, November 16, 2010, and November 2, 2011. This is well over two and three years after the plaintiff's DLI. AR p. 7.

8

not material to the decision of his disability as of June 30, 2009, or that the absence of the evidence precludes meaningful judicial review.[7]

Plaintiff's also argued that the ALJ's decision does not show that he applied the correct legal standard at step two, and the ALJ failed to discuss why his breathing and mental impairments were found to be non-severe. The record does not support this argument. To determine the severity of impairments at step two, The Fifth Circuit requires the use of the "slight abnormality" *Stone v. Heckler*[8] standard. In his decision the ALJ must either refer to *Stone*, another opinion to the same effect, or expressly state the *Stone* standard so the court can determine whether the correct legal standard was applied.[9] A review of the ALJ's decision in this case shows that the ALJ cited the essential language of *Stone* and the

---

[7] The plaintiff could have submitted the evidence on judicial review and argued for a remand under the second clause of sentence six of § 405(g), but did not do so. *See, Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Haywood v. Sullivan*, 888 F.2d 1463, 1471-72 (5th Cir. 1989).
To the extent the plaintiff claimed that the ALJ erred by not holding a supplemental hearing, such error would be harmless. *See, Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)(procedural perfection in administrative proceedings is not required; a judgment will not be vacated unless the substantial rights of a party have been affected; procedural improprieties constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the ALJ's decision); *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988). Plaintiff did show that he was prejudiced by this alleged error, as he did not explain how this made him unable to provide evidence relevant to establish his disability as of June 30, 2008.

[8] 752 F.2d 1099 (5th Cir. 1985).

[9] *See, Loza v. Apfel*, 219 F.3d 376 (5th Cir. 2000).

9

appropriate regulation, which makes it clear that he applied the correct legal standard to evaluate the severity of the plaintiff's impairments at step two. AR p. 22.[10]

Contrary to the plaintiff's argument, the ALJ also discussed his rationale for finding that the plaintiff did not have a severe mental impairment as of June 30, 2008. AR pp. 25-26. With regard to what the plaintiff characterizes as a breathing impairment, the ALJ found at step two that the plaintiff's prior episode of pneumonia was one of the severe impairments. AR p. 23. Given the plaintiff's arguments and the record as a whole, it is apparent that the ALJ's finding that the plaintiff's prior episode of pneumonia was a severe impairment, encompassed what the plaintiff characterizes as a breathing impairment. Therefore, the record does not support the plaintiff's argument that the ALJ found the "breathing" impairment was not severe.[11]

---

[10] The ALJ also cited SSR 85-28, which specifically states that the agency's regulations and policies on determining the severity of impairments are consistent with the severity standards articulated in court decisions such as the standard cited in *Stone v. Heckler*. Title II and XVI: Medical Impairments That Are Not Severe, SSR 85-28, 1985 WL 56856 (S.S.A. 1985).

[11] For example, all of the evidence cited in the plaintiff's memorandum with regard to the "breathing" impairment related to the time the plaintiff had pneumonia and was recovering from it. Record document number 8, Plaintiff's Memorandum in Support of Appeal, p. 10.
Plaintiff acknowledged that he recovered from the bout of acute pneumonia in August 2006, but asserted that the breathing impairment continued to require avoidance of respiratory irritants through the date he was last insured. Plaintiff did not cite any medical or other evidence in the record to support this assertion of this restriction. Nevertheless, as already stated, the fact that the ALJ included the prior episode of pneumonia as one of the

10

Finally, the plaintiff argued that the ALJ did not comply with the relevant legal standards in assessing his credibility. This claim of error is also without merit. Plaintiff argued that the ALJ's evaluation of his credibility failed to provide an assessment in the manner required by the regulations, specifically, 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 96-7p.[12] Citing an excerpt from SSR 96-7p, the plaintiff argued that the ALJ cannot simply make conclusory statements regarding credibility. He must provide specific reasons for the credibility finding that are supported by the evidence. According to the plaintiff, the ALJ's use of boilerplate language, and the absence of any evidence to suggest that he is malingering or exaggerating his symptoms, shows that the ALJ failed to comply with 20 C.F.R. § 404.1529 and SSR 96-7p.

Review of the ALJ's decision does not support the plaintiff's arguments. The record demonstrates that the ALJ did not merely make a conclusory finding on credibility and fail to support it with adequate reasons. The ALJ cited the correct legal standards in deciding that the plaintiff's statements regarding the intensity, persistence and limiting effects of his impairments were not entirely credible. It is apparent from the ALJ's written decision that this conclusion was based on inconsistencies between

---

plaintiff's severe impairments shows that the ALJ considered it and its effects in assessing the plaintiff's RFC.

[12] SSR 96-7p, 1996 WL 374186 (S.S.A. 1996).

the plaintiff's subjective complaints, when compared with evidence of his daily activities,[13] as well as evidence of his treatment and findings based on physical examinations and tests contained in the medical records from August 2006 through December 2009. The ALJ discussed this evidence in some detail in the section of the written decision related to his RFC finding and the plaintiff's credibility. AR pp. 24-26.[14]

An ALJ is not required to do a point-by-point discussion, mechanically follow every guiding regulatory factor, or refer to every bit of evidence in the record that supports the credibility analysis and findings.[15] Review of the decision as a whole supports the conclusion that the ALJ not only cited the proper legal standards, but also correctly applied them in making his determination that the plaintiff was not fully credible. The record as a whole supports the conclusion that the ALJ's analysis complied with the substance of § 404.1529 and SSR 96-7p.

**2. The ALJ's RFC finding and finding that the plaintiff was not disabled as of June 30, 2008 are supported by substantial evidence.**

The RFC finding is the foundation of the determinations at

---

[13] The record contained evidence the plaintiff engaged in the following daily activities: home exercises, some walking and preparing his own meals, taking care of pets, yard mowing, washing dishes and clothes, shopping for groceries, driving, going to church and to eat out weekly. AR pp. 41,129-133.

[14] Based on the policy statement in SSR 96-7p, this is the type of evidence and analysis adjudicators are supposed to use when evaluating a claimant's credibility.

[15] *See, Giles v. Astrue*, 433 Fed.Appx. 241 (5th Cir. 2011).

12

steps four and five of the disability analysis.[16] Plaintiff argued that the ALJ failed to recognize that the record establishes nonexertional restrictions, which were not included in his RFC finding. Consequently, the ALJ erroneously concluded at steps four and five that he can perform his past work or other work in the national economy. Again, the plaintiff's arguments are not supported by the record.

Plaintiff failed to cite, and the record does not contain any evidence that as of June 30, 2008 the plaintiff had nonexertional limitations from breathing or mental impairments that restricted his ability to do work-related activities. For example, the record showed that after the plaintiff recovered from acute pneumonia in August 2006, he had a chest x-ray on July 26, 2007 which showed that his lungs were clear and his heart and lungs were within normal limits. AR p. 293. On July 31, 2007 the doctor noted that the cough the plaintiff complained of was much better. AR p. 275. From May 2007 until several months immediately following the plaintiff's DLI, the plaintiff's doctor scheduled follow-up appointments for four months and then six months. On October 6, 2008 the doctor noted the plaintiff had no complaints and set the follow-up appointment in six months. AR pp. 280-81, 322. Plaintiff took medication for depression, but the record contained

---

[16] The residual functional capacity determination is used at the fourth step to determine whether the claimant can do her past relevant work, and at the fifth step to determine if the claimant can adjust to other work in the national economy. 20 C.F.R. § 404.1520(e).

13

Case 3:12-cv-00425-BAJ-SCR   Document 14   09/20/13   Page 13 of 15

no evidence that the plaintiff ever received mental health treatment, or was limited/restricted by his doctors because of depression or any other mental impairment. In the disability reports filed in connection with his application, the plaintiff stated that he had not been seen by a doctor or anyone for emotional or mental problems that limited his ability to work. AR pp. 122, 141.

Moreover, the record contains substantial evidence to support the finding that as of June 30, 2008 the plaintiff had an RFC for medium work[17] - the evidence cited above and the evaluation of the plaintiff's residual functional capacity by the agency medical consultant, Dr. Mark M. Walker. AR pp. 47-51, 314-15.[18] A review of the plaintiff's description of his past relevant work in tire sales shows that with this RFC the plaintiff would be able to perform this sales work. AR pp. 112-13, 124. In the alternative, given the plaintiff's age, education, work experience and the ability to do medium work, at the fifth step Rules 203.12 directed a finding that the plaintiff was not disabled.[19]

---

[17] 20 C.F.R. § 404.1567(c)(definition of medium work).

[18] Again, the fact that there is evidence showing the plaintiff's condition deteriorated in late 2009, 2010 and 2011 as a result of his HIV positive impairment and the onset of mild strokes (AR pp. 320, 323-28) is not material to determining his severe impairments and their effects on his ability to work as June 30, 2008, the date the plaintiff was last insured for benefits.

[19] Plaintiff was 57 years old at the time of the ALJ hearing, but 55 years old as of his date last insured. Under the regulations, a claimant 55 or older is classified as a person of advanced age. 20 C.F.R. § 404.1563(e). The ALJ correctly cited and relied on the rule applicable to an individual of advanced age

14

Case 3:12-cv-00425-BAJ-SCR   Document 14   09/20/13   Page 14 of 15

## Conclusion

Plaintiff's arguments and the administrative record have been carefully considered. Review of the administrative record as a whole and the analysis above demonstrates that (1) the claims of reversible error raised by the plaintiff are without merit, and (2) substantial evidence supports the final decision of the Commissioner that the plaintiff is not disabled. Under sentence four of 42 U.S.C. § 405(g), the final decision of the Commissioner must be affirmed.

Baton Rouge, Louisiana, September 20, 2013.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

- 203.12. Therefore, the fact that the ALJ also cited Rule 203.19 under the category "Closely approaching advanced age," and stated in his decision that 55 was in this category (AR pp. 26-27), are harmless errors. *Mays, supra*.

15